UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| United States,<br><br>                                  Plaintiff,<br>v.<br>Shane D. Bateman,<br>                                  Defendant. | 3:13-cr-00114-RCJ-VPC<br><br>**ORDER** |

In 2014, this Court found the Defendant guilty of Attempted Coercion and Enticement of a minor in violation of 18 U.S.C. § 2422(a) and sentenced him to 60 months in the United States Bureau of Prisons. The Defendant has since been released but is again in trouble with the law.

He is currently facing criminal charges in Nevada state court. The alleged victims are female minors who resided in the Defendant's home. According to the Defendant, this Court's Pretrial Sentencing Report (PSR) provides some exculpatory evidence for the pending charges. Specifically, the Defendant states: "[T]he Pretrial Services officer interviewed [the alleged victims] residing in the home. Both minors were asked general questions about their home and the Defendant, and both minors responded that the Defendant had not acted inappropriately towards them." (Mot. Release PSR 3:24–26, ECF No. 35.)

According to 18 U.S.C. § 3153(c)(1),

> Except as provided in paragraph (2) of this subsection, information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential. Each pretrial services report shall be made available to the attorney for the accused and the attorney for the Government.

Additionally, paragraph (2) provides: "The Director shall issue regulations establishing the policy for release of information made confidential by paragraph (1) of this subsection." These regulations provide, in pertinent part, that "The judicial officer may authorize the disclosure of pretrial services information if the judicial officer finds that there is substantial likelihood that the information is . . . exonerating on the issue of guilt . . . in an . . . judicial proceeding involving the defendant . . . ." Guide to the Judicial Policy A-5 § 520, vol. 8, *Probation and Pretrial Services* ¶ (H)(1).

The Defendant makes three arguments that he is entitled to have the PSR. First, he argues that his current attorney for his pending state court case qualifies as the "attorney for the accused" under the statute. However, his definition of the term is too broad. According to his interpretation, any attorney, would be allowed to have a PSR for any subsequent matter—this would be an absurd result under the statute. The statute mandates that the PSR remain confidential except for very narrow circumstances. In dicta, a federal district court foresaw the Defendant's argument and foreclosed it. *Apex Tool Group, LLC v. Dmtco, LLC*, 2015 WL 8489388, at *1 (S.D. Ohio, 2015) ("Congress did not adopt as an exception providing such information when it might be useful to impeach . . . the victim of the crime.").

Next, the Defendant proclaims that he has an absolute right to the have the PSR. However, the Defendant does not provide a legal citation for this assertion. He only cites to a case discussing the common law right to inspect court files. However, the statute supersedes this common law right. *Id.*

Lastly, the Defendant argues that he is entitled to the PSR, because it would provide exculpatory evidence. The Defendant avers that the PSR contains a record of an interview of the alleged victims in his ongoing Nevada state court case. Under the statutes and accompanying regulations, the Court may only release the PSR under an extremely limited set of circumstances. One such circumstance would be if there was a "substantial likelihood that the information is . . . exonerating on the issue of guilt." *Id.* The Defendant argues that the Constitution mandates a laxer standard under his due process and fair trial rights.

Even assuming that the Constitution allowed for more disclosure than required by statute (a prospect this Court finds dubious), the exculpatory evidence does not exist. Despite the Defendant's assertions, there is no indication of the interview in the PSR and the Defendant did not provide any evidence that this interview even occurred. Furthermore, the PSR does not contain any inculpatory or exculpatory evidence for the pending case. Pretrial Services likewise maintains that no interview was conducted and that such interviews are not part of their usual procedure. In sum, there is no evidence in the PSR that is pertinent to the Defendant's ongoing case. Therefore, the request is denied.

## CONCLUSION

IT IS HEREBY ORDERED that the Defendant's First Motion to Release Pretrial Services Report (ECF No. 35) is DENIED.

IT IS SO ORDERED.

DATED: This 12th day of September, 2019.

_____
ROBERT C. JONES
United States District Judge